ROBERT AND SANDY LEVEN, AND HAROLD AND RETA ROME, APPELLANTS, v. WHEATHERSTONE CONDOMINIUM CORPORATION, INC., JUDY FENNER, OLD WEST REALTY-BROKER, AND CALIFORNIA FEDERAL SAVINGS AND LOAN, RESPONDENTS.

No. 19471

May 16, 1990                                      791 P.2d 450

*Edward G. Marshall,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondents Wheatherstone, Fenner and Old West Realty.

*Deaner, Deaner & Scann,* Las Vegas, for Respondent California Federal Savings and Loan.

## OPINION

*Per Curiam:*

In the action below, the district court granted summary judgment to respondents. We conclude genuine issues of fact remain for trial and therefore reverse the judgment of the district court.

### THE FACTS

Appellants are the owners of two condominium units in the Wheatherstone Condominium Complex (Complex). The respondents, Wheatherstone Condominium Corporation, Inc. (Wheatherstone), Judy Fenner, Old West Realty-Broker, and California Federal Savings and Loan (Cal Fed) are associated with the management, finances, and development of the Complex.

On February 17, 1981, Bronze Construction Co., Inc., (Bronze), as owner and developer of the Complex, filed the Covenants, Conditions, and Restrictions (CC&R's) for the Complex with the Clark County Recorder. The CC&R's set out the basic rights and obligations of each condominium owner. In addition, the CC&R's declared that a vote of 75 percent of the owners was needed to amend the CC&R's. They also added that each family unit would be responsible for 1 percent of the common assessments. Finally, the CC&R's erroneously stated 100 units had already been built at the Complex.

On January 19, 1983, Bronze became delinquent on its construction loan and Family Savings, now Cal Fed, foreclosed. At the time of foreclosure, only 60 units had been built. After foreclosure, Cal Fed sold the undeveloped land to Charles McHaffie dba C&H Investment. A dispute arose concerning whether Cal Fed and its grantees should pay common assessments for the undeveloped land during the period when they owned the land prior to development. This previously undeveloped land has now been fully developed, and the owners of units on this land have been paying common assessments since completion.

On December 13, 1984, a vote of the family unit owners was taken to amend the CC&R's. The proposed amendment provided that an owner or builder of an unfinished unit would not be responsible to pay common assessments until the unit was ready for occupancy. The ballot stated that a "yes" vote would be

recorded if the ballot was not received by a certain date. Nowhere in the CC&R's does it declare that in future voting, a "no response" could be counted as a "yes" vote.

The parties dispute the final tally of this vote. In the vote, there were 28 "yes," 10 "no" votes and 22 "no responses." Appellants insist the vote did not pass by the required 75 percent of the owners and a quorum was not present for the vote. Respondents Wheatherstone and Fenner assert the measure passed by a 79 percent margin. Cal Fed maintains the measure passed with 50 "yes" votes and 10 "no" votes, or 83.33 percent.

On March 12, 1986, appellants filed suit against respondents asserting that the amendment to the CC&R's was invalid. On January 22, 1987, the district court entered a decision granting summary judgment to respondents. In the decision, the district court made no specific findings concerning the propriety of the amendment to the CC&R's. Instead, the district court interpreted the original CC&R's to conclude that only the owners of the 60 developed units should be subject to common assessments.

On July 1, 1988, the district court entered judgment in favor of respondents, based on the parties' representations that the court's prior ruling resolved all major issues in this case. The judgment affirmed and extended the summary judgment to all defendants below, allowing this appeal.

## DISCUSSION

The July 1, 1988, judgment validates the summary judgment; therefore, we will treat this as an appeal from a summary judgment.

NRCP 56(c) permits summary judgment only if the party requesting summary judgment is entitled to judgement as a matter of law, and there are no genuine issues of material fact remaining for trial. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432, 433 (1989).

In issuing the summary judgment, the district court did not address whether the CC&R's were properly amended. Instead, the district court construed the original CC&R's to hold that only the owners of the 60 developed units should pay for common assessments. By doing so, the district court erred. Here, genuine issues of fact still exist concerning the purported amendment to the CC&R's. Also, the original CC&R's are ambiguous as to whether the parties intended that only the owners of developed units would pay common assessments. Because extrinsic evidence is needed to resolve the ambiguity and contradictory evidence exists, this is a triable issue of fact precluding summary judgment. Mullis v. Nevada National Bank, 98 Nev. 510, 513, 654 P.2d 533, 535-536 (1982) (quoting Mobile Acres, Inc. v.

Kurate, 508 P.2d 889, 895 (Kan. 1973)). Accordingly, respondents are not entitled to judgment as a matter of law. We therefore reverse the summary judgment and remand this matter for trial. Finally, because the district court judge has expressed herself in the premises, we direct the Chief Judge of the Eighth Judicial District Court to assign a different judge to hear the trial of this matter.

For the foregoing reasons, we reverse the judgment of the district court.[1]

---

[1]THE HONORABLE THOMAS L. STEFFEN, Justice, voluntarily recused himself from participation in the decision of this appeal.