Jon BAKER, an individual,
Plaintiff–Appellant,

v.

CENTENNIAL INSURANCE COMPANY,
a member of the Atlantic Mutual
Companies, Defendant–Appellee.

No. 91–15633.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 1992.

Decided July 28, 1992.

---

Lloyd R. Crenna, San Francisco, Cal., for plaintiff-appellant.

Norman J. Roger, Owen & Melbye, Redwood City, Cal., for defendant-appellee.

Before: HUG, SKOPIL, and RYMER, Circuit Judges.

HUG, Circuit Judge:

The district court granted summary judgment in favor of Centennial Insurance Company ("Centennial") on an indemnity claim filed by Jon Baker ("Baker"). Centennial had issued Baker a professional liability insurance policy but had limited coverage to mistakes and errors made during appraisals of residential property only. The district court concluded that the erroneous appraisal made by Baker was of commercial property, and that Centennial therefore had no duty to defend or indemnify Baker. We reverse.

I.

Baker is a professional real estate appraiser who took out a professional liability policy from Centennial. The relevant clause in the policy reads as follows:

Extension of Coverage

Professional Liability Coverage

This certificate is extended to provide coverage for errors, omissions or mistakes in determining the value of residential property subject to the following:

1. "Residential Property" will mean vacant land, single family residences, multi-family residences up to twelve (12) families, and farms, and;....

This language is the only language in the policy relevant to this appeal.

Baker provided a mortgage broker with a written appraisal of property located at 535 Mira Vista Avenue in Oakland, California. The property was zoned as a strictly residential parcel, and was located in a residential neighborhood. However, the property was being put to a limited commercial use under a conditional use permit at the time Baker was asked to appraise it. The mortgage broker had asked Baker to value the property at its most efficient use.

In the appraisal, Baker erroneously reported that the property was zoned as CIC30, which is a mixed residential and commercial zoning area. Baker used commercial valuation techniques to value the property for commercial purposes. In fact, the property was zoned for strictly residential purposes. This error subjected Baker to professional liability, which led him to file a claim for indemnity under his policy. Centennial, however, refused Baker defense and indemnity because it concluded that Baker's appraisal was a commercial appraisal and outside the scope of coverage.

Baker filed suit against Centennial in the district court seeking defense and indemnity under his policy. Both Baker and Centennial then filed cross motions for summary judgment. The district court concluded that the appraisal provided by Baker was a commercial appraisal and granted Centennial's motion for summary judgment.

II.

A grant of summary judgment is reviewed de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d

626, 629 (9th Cir.1987). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

Rules of construction regarding insurance policies in California require that ambiguities be resolved in favor of the insured. *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 180 Cal.Rptr. 628, 640 P.2d 764 (1982). However, "[c]ourts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists." *Id.* at 767–68.

The property located at 535 Mira Vista was zoned residential. It was located in a residential neighborhood and looked like a large house. Centennial argues that because Baker valued the property for a commercial purpose and used commercial valuation techniques, the appraisal he provided was a commercial appraisal and thus not covered by the policy. However, we need not determine whether the appraisal was in fact a commercial or a residential appraisal. Rather, we need only determine whether this was an appraisal of "residential property." This was residential property that had erroneously been appraised as commercial property. At the very least, it is ambiguous whether Centennial's insurance policy covers an appraisal that erroneously appraises residential property as being commercial, or whether coverage depends on how the property is used as contrasted with how it is zoned. Consequently, California law requires that this ambiguity be resolved in favor of Baker and against Centennial. *See Pisciotta*, 640 P.2d at 768 (any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer); *McKee v. State Farm Fire & Cas. Co.*, 145 Cal.App.3d. 772, 193 Cal.Rptr. 745 (1983). Centennial therefore owes an obligation to defend and indemnify Baker.

The judgment of the district court is REVERSED.