EDWARD R. SHAW, LEEANDRA J. SHAW, RAYMOND SHAW, WESLEY SHAW, AND QUINCY SHAW, APPELLANTS, v. CONTINENTAL INSURANCE COMPANY, RESPONDENT.

No. 22832

October 29, 1992

840 P.2d 592

*James E. Wilson, Jr.,* Carson City, for Appellants.

*Michael F. Bohn,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 7, 1989, appellants Edward and Leeandra Shaw and their three children were injured in an automobile accident when they were struck from behind by Scott Stafford, an intoxicated driver. All of the Shaws suffered personal injuries as a result of the collision. The vehicle driven by Stafford was insured with a $1,000,000.00 liability limit. The Shaws had $500,000.00 in coverage under an uninsured/underinsured motorist ("UIM") provision in an automobile insurance policy purchased from respondent Continental Insurance Company ("Continental"). The UIM provision required the Shaws to exhaust the policy limits of the other driver's insurance as a condition precedent to making a claim.[1]

The Shaws filed a civil complaint against Stafford in the Second Judicial District Court on November 21, 1989. Continental was advised of the litigation and the Shaws' potential UIM claim. Continental did not intervene. Stafford subsequently filed a motion to stay the civil proceedings until the criminal proceedings against him were concluded.[2] The motion was denied. The civil case was set for trial on March 1, 1991. On January 25, 1991, Stafford filed a motion to continue the trial, which was again denied.

On February 12, 1991, Stafford filed an emergency petition for a writ of mandamus from this court in an effort to stay the civil proceedings. The following day, the parties met for a settlement conference. The judge presiding over the conference advised the Shaws that if this court granted Stafford's petition, "it might be years" before they would be able to try their case. Thereafter,

---

[1]The Continental exhaustion clause specifically provides as follows: "We will pay under this coverage *only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted* by payment of judgments or settlements." (Emphasis added.)

[2]Stafford ultimately pled guilty to felony DUI on September 4, 1991, and was sentenced on October 4, 1991.

Stafford's insurer offered the Shaws a settlement of $750,000.00, which the Shaws accepted because they desperately needed the money.[3] The parties subsequently signed a settlement agreement and a stipulation for dismissal.

Following the settlement, the Shaws demanded that Continental pay $500,000.00 under their UIM coverage. The Shaws asserted that their total damages are in excess of $1,500,000.00 and that they are entitled to UIM coverage under their policy to compensate them for all damages above the $1,000,000.00 policy limit of Stafford's policy. Continental subsequently filed a complaint with the district court requesting "a judgment declaring that Continental has no obligation to pay any sums to the Defendants pursuant to the UIM coverage for any damages allegedly incurred in the November 7, 1989 accident." On January 6, 1992, the district court granted summary judgment in favor of Continental.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. American Federal Savings v. Washoe County, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990) (citing NRCP 56(c); Leven v. Wheatherstone Condominium Corp., 106 Nev. 307, 309, 791 P.2d 450, 451 (1990)). In Mann v. Farmers Ins. Exchange, 108 Nev. 648, 836 P.2d 620 (1992), we held that an identical exhaustion clause in a UIM policy "violates public policy." Thus, we hold that Continental is not entitled to judgment as a matter of law.

The Shaws, out of financial necessity, settled for an amount less than Stafford's policy limit. NRS 687B.145(2), strictly construed in favor of the insured, requires Continental to pay benefits for any damages exceeding $1,000,000.00. In Mann, we recognized the inequitable burden placed upon insureds who are forced to "forego all settlement offers and go to trial in order to obtain (or attempt to obtain) compensation up to the tortfeasor's policy limit—just to qualify for [UIM] benefits under his or her own policy." Mann, 108 Nev. at 650, 836 P.2d at 621 (1992). The Third Circuit Court of Appeals has noted the following: "we do not perceive how, in most cases, underinsured endorsement carriers actually will be prejudiced if they receive credit for the full limits of the tortfeasor's policy." Aetna Cas. & Sur. Co. v. Farrell, 855 F.2d 146, 150 (3rd Cir. 1988). We agree.

The exhaustion clause in the UIM coverage provided by Conti-

___

[3]The Shaws' medical expenses exceeded $100,000.00 at the time this motion was considered by the district court. Mr. and Mrs. Shaw received varying degrees of permanent disability as a result of the collision.

nental is in direct conflict with this court's interpretation of NRS 687B.145(2), as pronounced in *Mann*. The majority of other courts considering this issue have held in favor of the insured.[4] For reasons set forth above and in *Mann,* we hold that Continental is not entitled to judgment as a matter of law.

We have considered all remaining issues on appeal and conclude that they lack merit.

Accordingly, we reverse the district court order granting summary judgment and remand this case for further proceedings consistent with this opinion.

---

[4]*See e.g.,* Matter of the Estate of Rucker, 442 N.W.2d 113, 116 (Iowa 1989) (UIM exhaustion clause "violates public policy and will not be enforced"); Bogan v. Progressive Cas. Ins. Co., 521 N.E.2d 447, 453 (Ohio 1988) ("The exhaustion clause must be construed as . . . a threshold requirement and not a barrier to [UIM] coverage"); Longworth v. Van Houten, 538 A.2d 414, 424 (N.J.Super.Ct.App.Div. 1988) ("exhaust" means that the insured will be credited with the full amount of the liability insurance available); Mulholland v. State Farm Mut. Auto. Ins. Co., 527 N.E.2d 29, 40 (Ill.App.Ct. 1988) ("[i]f the insurer is not required to pay until after all other possible sources of recovery have been exhausted, [repayment rights] would be meaningless"); Schmidt v. Clothier, 338 N.W.2d 256, 261 (Minn. 1983) ("The insured has the right to accept what he or she considers the best settlement available and to proceed to arbitrate the [UIM] claim for a determination of whether the damages do indeed exceed the tortfeasor's liability limits"); Weinstein v. American Mutual Ins. Co. of Boston, 376 So.2d 1291, 1220 (Fla.Dist.Ct.App. 1979) (exhaustion clauses are "violative of the intent of the [Florida UIM] statute").