**H. Keith RAY and Lura Ray, Plaintiffs,**

v.

**CONTINENTAL WESTERN INSURANCE COMPANY and Continental Western Casualty Company, Defendants.**

No. CV–N–94–823–DWH.

United States District Court,
D. Nevada.

Feb. 2, 1996.

Order Granting Summary Judgment
on Renewed Motion March 19, 1996.

Charles M. Kilpatrick, Carson City, NV, for plaintiffs.

Ellen Jean Winograd, Gregory A. Brower, Laxalt & Nomura, Ltd., Reno, NV, for defendants.

## ORDER

HAGEN, District Judge.

On October 6, 1994, plaintiffs H. Keith Ray and Lura Ray sued defendants Continental Western Insurance Company and Continental Western Casualty Company (collectively "Continental") in state court for underinsured motorist benefits allegedly due under the Rays' automobile insurance policy with Continental (# 1a). Continental removed to this court (# 1), and moved for summary judgment (# 8). The Rays opposed (# 9), and Continental replied (# 10).

### FACTS

On June 3, 1992, Lura Ray was involved in an automobile accident. Mot.S.J. Ex. C. While Lura Ray was driving on a highway in Nevada, her automobile was struck by the automobile of Regina Elliff. *Id.*

The Rays were covered by a policy of automobile insurance issued by Continental. Reply S.J. Ex. E. That policy provided coverage in the amounts of $100,000 each person and $300,000 each accident for compensatory damages that the insured was legally entitled to recover for bodily injury from the driver or owner of an underinsured motor vehicle. *Id.* The underinsured motorist provisions of the policy contained an "exhaustion clause," which stated, "We [Continental] will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." *Id.* Elliff was covered by a policy of automobile insurance issued by State Farm Automobile Insurance Company ("State Farm").

Mot.S.J. Ex. B. That policy had a bodily injury liability limit of $20,000. *Id.*

On December 16, 1992, the Rays sued Elliff for negligence in state court (Case No. 92–01792A in the First Judicial District Court in and for Carson County, State of Nevada). Mot.S.J. Ex. A. The Rays and Elliff agreed to submit the case to binding arbitration. *Id.* Ex. B.

An adversarial hearing was held before an arbitrator on August 16, 1994. *Id.* Ex. C. On September 12, 1994, the arbitrator found that Elliff was liable for the accident, and awarded the Rays a total of $17,123 in damages, which included medical expenses, pain and suffering, residuals, and loss of consortium. *Id.* In its moving papers, Continental contends, "Pursuant to the arbitrator's decision, the adverse driver's insurer paid the RAYs $17,123 and the State Court action was dismissed with prejudice." Mot.S.J. at 3.

On October 6, 1994, the Rays brought this action in state court. On October 20, 1994, counsel for the Rays sent to Continental a copy of the complaint and a schedule of damages, showing a total of $135,260. Opp'n S.J. Ex. E. Counsel informed Continental that the latter was entitled to "an offset for the third party coverage of $20,000." *Id.* Continental then removed to this court.

## ANALYSIS

The court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 and 1441.

■ Summary judgment is appropriate if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989). "There is no genuine issue of material fact if the party opposing the motion 'fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Taylor,* 880 F.2d at 1045 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Nor is there a genuine issue of fact

if a rational trier of fact could not find in favor of the party opposing the motion for summary judgment. *Taylor,* 880 F.2d at 1045 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). Finally, conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor,* 880 F.2d at 1045.

Based on the established facts and the facts as represented by Continental, Continental appears to be entitled to judgment as a matter of law. The issue of damages conclusively was determined by the arbitrator, and the Rays are collaterally estopped from relitigating that issue. If Continental can establish that Elliff's insurer paid the Rays the arbitration award of $17,123 and that the state court subsequently dismissed the Rays' action against Elliff with prejudice, then the Rays are not entitled to any underinsured motorist benefits under the policy. Additionally, if Continental can establish that the Rays did not notify Continental of the accident or the state court action against Elliff until the instant action was brought, again the Rays are not entitled to any underinsured motorist benefits under the policy.

■ The arbitrator's decision on the amount of damages suffered by the Rays precludes relitigation of that issue. "When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has." RESTATEMENT (SECOND) OF JUDGMENTS § 84 cmt. c (1982). More specifically, this court agrees with the following conclusion made in a persuasive opinion by the Appeals Court of Massachusetts: "[A] party not involved in a prior arbitration may use the award in that arbitration to bind his opponent if the party to be bound, or a privy, was before the arbitrator, had a full and fair opportunity to litigate the issue, and the issue was actually decided by the arbitrator or was necessary to his decision." *Bailey v. Metropolitan Property & Liab. Ins. Co.,* 24 Mass.App.Ct. 34, 505 N.E.2d 908, 910, *review*

*denied,* 400 Mass. 1101, 508 N.E.2d 620 (1987).[1]

It is evident that the Rays had an opportunity to, and did, fully and fairly litigate the issue of damages before the arbitrator. According to the terms of the agreement to arbitrate, the parties could contest damages as well as liability, the parties could call witnesses and cross-examine the opposing party's witnesses, and could submit documents and records and pre-hearing briefs to the arbitrator. Mot.S.J.Ex. B. The decision of the arbitrator, who, according to Continental, was a retired state trial judge, indicates that the parties did present witnesses, deposition testimony, medical reports, and other exhibits. Mot.S.J.Ex. C at 1.

Additionally, it is evident that the Rays' instant demands were considered by the arbitrator. The Rays' schedule of damages, which was sent to Continental along with the instant complaint, indicates demands for medical expenses, pain and suffering, loss of consortium, and $83,200 in lost wages. Opp'n S.J.Ex. E. In determining damages, the arbitrator awarded sums for medical expenses and pain and suffering, he concluded an award of only $2,500 in residuals was appropriate because the injury was only a soft-tissue injury, and he questioned the need for continued treatment. Mot.S.J.Ex. C. at 3–4. The arbitrator awarded loss of consortium for Keith Ray in the amount of $2,500, and he expressly rejected the claim for $83,200 in lost wages. *Id.*

■ The Rays offer no persuasive grounds upon which to deny the arbitrator's decision preclusive effect. The Rays argue that the arbitrator's decision has no preclusive effect because it was not confirmed and

was not a final judgment entered by a court. However, Continental maintains that Elliff's insurance company paid the award and the state court thereafter dismissed the action with prejudice. If these facts are true, that dismissal is tantamount to a final judgment on the arbitration award. The arbitrator's award should not be denied preclusive effect due to the losing party's prompt payment of the award. *See Bailey,* 505 N.E.2d at 911 n. 5. Indeed, "[t]he test of finality ... is whether the conclusion in question is procedurally definite...." RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. g (1982). If the case was dismissed with prejudice, and no appeal was taken, the arbitrator's award of damages was procedurally definite. In any event, the Rays have not argued that they attempted to vacate, modify, or correct the award, or that they requested a trial after arbitration. *See* NRS 38.109, 38.145, 38.155. Hence, the Rays now cannot argue that the arbitrator's award was not final, especially if they accepted payment of the award.

■ The Rays further argue that Continental may not rely on the "exhaustion clause" of the policy because the Nevada Supreme Court has ruled such clauses "invalid in violation of Nevada public policy." Opp'n S.J. at 4. This argument is also unpersuasive. In the first place, the cases cited by the Rays, *Shaw v. Continental Ins. Co.,* 108 Nev. 928, 840 P.2d 592 (1992) and *Mann v. Farmers Ins. Exch.,* 108 Nev. 648, 836 P.2d 620 (1992), are distinguishable in at least one vital respect. In those cases, the insured's *settled* their claims for less than the tortfeasor's policy limits. *Shaw,* 840 P.2d at 593; *Mann,* 836 P.2d at 620. The Nevada

1. It bears noting that there is an unresolved issue with respect to choice of law in this case. Although the parties have generally framed their argument in terms of Nevada law, Continental points out "the policy was purchased in Missouri by Plaintiffs residing in Missouri, to cover a vehicle principally garaged in Missouri." Reply S.J. at 4 n. 3; *see also id.* Ex. E.

However, it is unnecessary, and would be a waste of judicial resources, to decide this choice of law issue, for the arbitrator's decision would have preclusive effect under both Missouri and Nevada law. *See Pratt v. Purcell Tire & Rubber Co., Inc.,* 846 S.W.2d 230, 233 (Mo.Ct.App.1993)

("Where there has been a final and binding arbitration between the parties, courts are collaterally estopped from relitigating the facts determined in the arbitration proceeding"); *International Ass'n of Firefighters, Local 1285 v. City of Las Vegas,* 107 Nev. 906, 823 P.2d 877, 880 (1991) ("Policy considerations underlie our conclusion that the doctrine of collateral estoppel should apply to arbitration"). *See also Mid–Century Ins. Co. v. Daniel,* 101 Nev. 433, 705 P.2d 156, 157 (1985) (in suit to recover underinsured motorist benefits, court accepts arbitrator's determination of amount of damages).

Supreme Court held that it would violate public policy to bar recovery of actual damages in excess of the tortfeasor's policy limits based on the exhaustion clause, because to do so effectively would force an insured to "forego all settlement offers and go to trial in order to obtain (or attempt to obtain) compensation up to the tortfeasor's policy limit— just to qualify for underinsured benefits under his or her own policy." *Mann*, 836 P.2d at 621. Here, the Rays did not settle their claim with the tortfeasor; rather, they chose to litigate that claim, and they did so through binding arbitration.

The Rays' reliance on *Shaw* and *Mann* also misses the mark in a more important respect. The arbitrator having conclusively determined the amount of damages due the Rays based on the accident, and the Rays allegedly having received payment of those damages, the Rays have no further claim for damages resulting from the accident. The underinsured motorist section of the policy plainly states that Continental "will pay compensatory damages which an 'insured' is *legally entitled to recover from the owner or operator of an 'underinsured motor vehicle' because of bodily injury.*" Reply S.J.Ex. E (emphasis added). As a result of the state court's dismissal of the Rays' action against Elliff with prejudice, no such damages exist. Indeed, as the Nevada Supreme Court pointed out in *Mann*, "[T]he underinsured motorist coverage provider, as a provider of excess coverage, should not have to duplicate benefits that should have been covered by the tortfeasor's insurer," but rather "should only pay for whatever damages the insured suffered *beyond* the tortfeasor's policy limit." 836 P.2d at 622. Implicit in the above statement, indeed in the very concept of underinsured motorist benefits, is that no claim for such benefits lies where, as here, the insured has been fully recompensed by the tortfeasor's insurer.

Finally, it appears that the Rays are precluded from any underinsured motorist benefits because they did not notify Continental of the accident or their action against Elliff. Part E of the policy requires the insured to promptly notify Continental of "how, when, and where the accident or loss happened," and to take certain further actions with respect to a claim. Reply S.J.Ex. E. Additionally, the underinsured motorist section declares, "Any person seeking coverage under this endorsement must also promptly send us copies of the legal papers if a suit is brought." *Id.* From the record it appears the Rays did not inform Continental of either the accident or their action against Elliff until October of 1994. Because the accident occurred in June of 1992, and the Rays sued Elliff in December of 1992, it appears that the Rays did not promptly notify Continental of either of these events. Again, however, Continental has not established this lack of notice with any evidence.

In sum, it appears that Continental is entitled to judgment as a matter of law. However, because Continental has not offered any evidence establishing that Elliff's insurer paid the arbitration award and that the state court action against Elliff was dismissed with prejudice, or that the Rays in fact did not notify Continental of the accident or the suit against Elliff until October of 1994, the court cannot grant summary judgment in favor of Continental at this time.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment (# 8) is DENIED WITHOUT PREJUDICE TO RENEW. Within 20 days of the date of this order, defendants may renew said motion by submitting evidence and points and authorities limited to those matters identified in the preceding paragraph of this order along with notice to the court and to plaintiffs of defendants' intention to renew said motion. Plaintiffs shall have 11 days thereafter within which to respond to defendants' filing, if any, and defendants shall have five days thereafter within which to reply to plaintiffs' filing, if any.

### *ORDER ON RENEWED MOTION*

The court's prior order (# 11) instructed that defendants could renew their motion for summary judgment within twenty days from the date of said order, submitting evidence and points and authorities limited to Elliff's insurer's payment of the arbitration award, dismissal with prejudice of the state court action against Elliff and the Rays' untimely

notice to Continental of the underlying accident or the suit against the Elliff. Defendants have done so (# 12). Plaintiffs have neither responded nor requested additional time within which to do so. This matter is now submitted for decision.

### Standard on a Motion for Summary Judgment

Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, *Zoslaw v. MCA Distr. Corp.*, 693 F.2d 870, 883 (9th Cir.1982), and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Baker v. Centennial Ins. Co.*, 970 F.2d 660, 662 (9th Cir.1992). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir.1982)

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

> [T]here is no genuine issue of fact for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.*, 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Moreover, if the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987).

In a diversity case, substantive summary judgment issues are determined by state law. *Bank of California v. Opie,* 663 F.2d 977, 980 (9th Cir.1981).

A review of the renewed motion for summary judgment (# 12) shows that there is no genuine issue of fact for trial and that Continental is entitled to judgment as a matter of law. Moreover, plaintiffs are deemed to have consented to the granting of the motion. L.R. 7–2(d).

**IT IS THEREFORE ORDERED** that defendants' renewed motion for summary judgment (# 12) is *GRANTED.* The Clerk shall enter judgment according to this order and the court's prior order (# 11).