# IN THE SUPREME COURT OF THE STATE OF NEVADA

THEODORE MICHAEL
FAULKENBURG,
Appellant,
vs.
NICOLE DANIELLE FAULKENBURG,
Respondent.

No. 71572

FILED

FEB 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER REVERSING IN PART AND REMANDING

This is an appeal from a decree of divorce establishing child custody. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

### FACTS AND PROCEDURAL HISTORY

Nicole and Theodore Faulkenburg[1] married in 2012 and had a child in 2014. During the first year of the child's life, Theodore provided financial support to the family by working for several weeks at a time in North Dakota while Nicole and the child lived in Las Vegas. Over the course of that year, Theodore spent less than 140 days with the child. In June of 2015, Nicole filed for divorce and requested primary physical custody of the child. The next month, Theodore moved back to Las Vegas full-time, asking for joint physical custody.

Ultimately, the district court awarded primary physical custody to Nicole. In so awarding, the district court noted that joint physical custody is presumptively not in a child's best interest where a parent cannot

---

[1] In the divorce decree, the district court restored Nicole to her maiden name, Nicole Kolbet.

adequately care for a child for at least 146 days out of the year. While the district court acknowledged the prospective nature of the presumption and that Theodore had moved back to Las Vegas full-time, it nevertheless emphasized that Theodore's availability never exceeded 140 days while working out of state. The district court concluded that Theodore never met the amount of time "necessary to sustain any kind of finding for joint physical custody" and, after discussing other best-interest considerations, determined that joint physical custody was not in the child's best interest.

## DISCUSSION

*The district court erred by failing to take into account Theodore's change of circumstances when making its custody determination*

On appeal, Theodore argues that the district court erred by disregarding his full-time relocation to Las Vegas when determining that joint physical custody was not in the best interest of the child. We agree.

Custody decisions are reviewed for an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). "The district court has broad discretionary power in determining child custody," however, "deference is not owed to legal error." *See Davis v. Ewalefo*, 131 Nev., Adv. Op. 45, 352 P.3d 1139, 1142 (2015) (internal quotation marks omitted).

NRS 125C.003(1) provides that "[a] court may award primary physical custody to a parent if the court determines that joint physical custody is not in the best interest of a child." A district court determines the best interest of a child by setting forth specific findings regarding several factors under NRS 125C.0035(4), however, "[a]n award of joint physical custody is presumed not to be in the best interest of the child if . . . [t]he court determines by substantial evidence that a parent is unable to

adequately care for a minor child for at least 146 days of the year." NRS 125C.003(1)(a).

Here, the district court concluded that Theodore never met the amount of time "necessary to sustain any kind of finding for joint physical custody," relying on his previous availability of less than 140 days while working out of the state. However, the district court's conclusion ignores the prospective nature of NRS 125C.003(1)(a), which applies when a district court determines by substantial evidence that a parent "*is* unable"—as opposed to *was* unable—"to adequately care for a minor child for at least 146 days." NRS 125C.003(1)(a) (emphasis added). Consequently, the district court misapplied the presumption under NRS 125C.003(1)(a) to preclude joint physical custody based on Theodore's previous availability and failed to account for Theodore's change of circumstances when he relocated to Las Vegas full-time. Therefore, we reverse the appealed decree of divorce insofar as it established Nicole's primary physical custody of the child, and we remand this matter and direct the Chief Judge of the Eighth Judicial District Court to assign this case to a new district court judge to rehear the issue and apply the law consistent with the foregoing. *See Ryan's Express v. Amador Stage Lines*, 128 Nev. 289, 300, 279 P.3d 166, 173 (2012) (recognizing this court's power to do what is "reasonable and necessary for the administration of court procedure and management of judicial affairs" (internal quotation marks omitted) (emphasis omitted)); *see also Leven v. Wheatherstone Condo. Corp.*, 106 Nev. 307, 310, 791 P.2d 450, 451 (1990) ("[B]ecause the district court judge has expressed herself in the premises, we direct the Chief Judge . . . to assign a different judge to hear the trial of this matter."). Therefore, we

ORDER the judgment of the district court REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
Hon. William S. Potter, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Leavitt Law Firm
The Law Offices of Wendy Kazel
Eighth District Court Clerk

---

[2]We have also considered Theodore's other claims on appeal, and we conclude that they do not merit compelling the district court to enter an order for joint physical custody without rehearing the issue.