656 A.2d 941

**Thomas E. BOYLE and Janice L. Boyle, Husband and Wife, Appellees,**

v.

**ERIE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 12, 1994.

Filed April 4, 1995.

___

David M. Speer, Clarion, for appellant.

James G. Arner, Clarion, for appellees.

Before WIEAND, HUDOCK and HESTER, JJ.

WIEAND, Judge:

On January 7, 1986, Thomas and Janice Boyle were traveling north on Route 68 in Monroe Township, Clarion County, in a vehicle driven by Thomas Boyle. When Boyle slowed his car to allow a vehicle driven by Charles Speelman to enter the flow of traffic, his vehicle was struck in the rear by a truck driven by Dale Lee Hitchcock. The Boyles brought a civil action for injuries against both Speelman and Hitchcock. The litigation was settled by agreement with Speelman for $15,000 and with Hitchcock for $150,000. The settlement with Speelman was for the limits of his liability coverage; however, the settlement with Hitchcock was a compromise and exhausted only fifty (50%) percent of his liability coverage.

The Boyles then made a claim under the underinsured motorist provisions of their own liability policy with Erie

Insurance Company (Erie). Erie denied coverage because the Boyles had not exhausted the limits of Hitchcock's liability policy and because the Boyles had settled with the third party tortfeasors without Erie's consent. In a declaratory judgment proceeding by the Boyles against Erie, the trial court rejected the insurer's arguments and held that the Boyles were entitled to recover underinsured motorist benefits. This appeal followed.

At the time of this accident, Section 1731 of the Motor Vehicle Financial Responsibility Law mandated uninsured and underinsured motorist coverage. 75 Pa.C.S. § 1731(a).[1] The purpose of such coverage was to protect an insured driver from the risk that a negligent driver of another vehicle would cause injury to the insured but would not have adequate coverage to compensate for the insured's injuries. *Daley–Sand v. West American Ins. Co.*, 387 Pa.Super. 630, 633, 564 A.2d 965, 967 (1989).

The policy issued by Erie Insurance Company in this case included underinsured and uninsured motorist coverage, but was subject to the following provision:

> With respect to underinsured motor vehicles, we will not be obligated to make any payment until the limits under all bodily injury insurance policies and liability bonds applicable at the time of the accident, including other than motor vehicle insurance, have been exhausted by payment of settlements or judgments.

Erie Insurance contends that the appellees' claims for underinsured motorist benefits should be denied because they failed to exhaust the liability coverage provided by the policies issued to both tortfeasors. The interpretation to be placed upon this clause, therefore, is squarely before this Court for decision.

In *Kester v. Erie Ins. Exchange*, 399 Pa.Super. 206, 582 A.2d 17 (1990), *allocatur denied*, 527 Pa. 624, 592 A.2d 45 (1991), the plaintiff-insureds had accepted a settlement from the third party tortfeasor's liability carrier for the full amount

1. This section of the statute was amended in 1990.

of the coverage provided. Their insurance carrier denied liability for underinsured motorist benefits under an exhaustion of coverage clause because its insureds had failed to pursue an action against other possible tortfeasors, including the Pennsylvania Department of Transportation which maintained the highway on which the accident had occurred. In a unanimous opinion authored by Montemuro, J., the Court said:

> There is no authority in Pennsylvania for the proposition that exhaustion clauses per se are contrary to the intent of the legislature or violative of constitutional or administrative mandates. This question is, in any event, not before us. We are limited to a determination of whether the particular exhaustion clause contained in appellant's policy is contrary to public policy as expressed in the underinsured motorist statute. We find that it is.
>
> The clause contained in appellants' policy expands the field of those liable to include anyone from whom recovery for appellants' injuries might be imagined possible. Given the breadth of the exhaustion clause, these imaginings apparently need have no factual underpinning, nor any real relation to the purpose of underinsured motorist coverage. However, as the statute, its commentators, and the policy language make clear, only owners or operators of motor vehicles are included within the circle of those liable under the underinsurance procedure. The all-inclusive language of the clause is too broad, and too far beyond the intention of the statutes' framers.

*Id.*, 399 Pa.Super. at 212–213, 582 A.2d at 21 (footnote omitted). Consistently therewith, we hold that exhaustion clauses are not per se invalid, but they cannot validly be interpreted to require an insured to seek recovery from other than the owners and operators of vehicles involved in the accident.

In the instant case, the appellee-insureds settled their tortfeasor claims against the drivers of the other vehicles. One of these settlements, however, was for less than the maximum coverage provided by the tortfeasor's liability insurance. Erie's policy provides that it shall not be obligated to pay underinsured motorist benefits until the limits of liability have

been exhausted by payment of settlements or judgments. Does this clause in Erie's policy bar the plaintiff-insureds' claim for underinsured motorist benefits?

To enforce the policy language strictly would have the effect of failing to provide the protection intended by the legislature for an insured driver. In some cases it may prevent an injured insured from accepting a reasonable, third party settlement and require that the third party litigation be pursued to final judgment. This would delay recovery when prompt payment was needed, would lessen the insured's recovery by requiring him or her to pay additional costs, and would unnecessarily burden the judicial system. "Where the best settlement available is less than the [tortfeasor's] liability limits, the insured should not be forced to forego settlement and go to trial in order to determine the issue of damages." *Schmidt v. Clothier*, 338 N.W.2d 256, 260–261 (Minn.1983).

On the other hand, an exhaustion clause must be interpreted to provide protection to an insurance company against a demand by its insured to fill the "gap" after a weak claim has been settled for an unreasonably small amount. The statutorily mandated coverage for underinsured motorist benefits was not intended to permit the insured absolute and arbitrary discretion to determine how payment should be apportioned between his or her own insurance company and the tortfeasor's liability carrier. This was poignantly observed by the Supreme Court of Minnesota as follows:

> [T]he insured cannot obtain a below-limit settlement from the tortfeasor and then recoup the "gap" from the underinsurance carrier. Practically, the insured would have no incentive to obtain the best settlement if he or she is assured of recovering the "gap" from the underinsurer. Use of underinsurance benefits in this way runs counter to the agreement of the parties. It would also place the underinsurer at an unfair disadvantage in which it had no control over the insured's right to settle but yet had to pay the difference between the settlement and the liability lim-

its. It might also lessen the incentive of the liability carrier to make its best offer to the claimant.

*Schmidt v. Clothier, supra,* 338 N.W.2d at 261.

We conclude, therefore, that the conflicting interests of insured and insurer can best and most fairly be served by construing the exhaustion clause in this case as a "threshold requirement and not a barrier to underinsured motorist insurance coverage." *Bogan v. Progressive Casualty Ins. Co.,* 36 Ohio St.3d 22, 28, 521 N.E.2d 447, 453 (1988), *modified in part on other grounds, McDonald v. Republic–Franklin Ins. Co.,* 45 Ohio St.3d 27, 543 N.E.2d 456 (1989). Thus, when the insureds settled their claim against the tortfeasor's liability carrier for less than policy limits, the underinsured motorist carrier was entitled to compute its payment to its injured insureds as though the tortfeasor's policy limits had been paid. Accord: *Hamilton v. Farmers Ins. Co. of Washington,* 107 Wash.2d 721, 728, 733 P.2d 213, 217 (1987). Under this view, the insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages. The courts of other jurisdictions have applied a similar view. See: *Aetna Casualty & Surety Co. v. Farrell,* 855 F.2d 146 (3rd Cir.1988) (applying New Jersey law); *Schmidt v. Clothier, supra,* 338 N.W.2d 261; *Shaw v. Continental Ins. Co.,* 108 Nev. 928, 840 P.2d 592 (1992) (per curiam); *Longworth v. Van Houten,* 223 N.J.Super. 174, 538 A.2d 414 (1988); *McDonald v. Republic–Franklin Ins. Co., supra,* 45 Ohio St.3d 27, 543 N.E.2d 456; *Bogan v. Progressive Casualty Ins. Co., supra,* 36 Ohio St.3d 22, 521 N.E.2d 447; *Buzzard v. Farmers Ins. Co.,* 824 P.2d 1105 (Okl.1991); *Hamilton v. Farmers Ins. Co. of Washington, supra,* 107 Wash.2d 721, 733 P.2d 213.

Erie's contention that the present action is barred by the plaintiff-appellees' failure to obtain Erie's consent before settling with the tortfeasor is, under the facts of this case, without merit. As a general rule, it is correct, as Erie contends, that an insured who consummates a settlement with and releases a tortfeasor in violation of a consent to settle

clause in his or her policy may not recover underinsured motorist benefits from the insurer. *Archer v. State Farm Ins. Co.,* 419 Pa.Super. 558, 615 A.2d 779 (1992), *allocatur denied,* 535 Pa. 612, 629 A.2d 1375 (1993). To hold otherwise would be to permit the insured to jeopardize the insurer's right of subrogation against the third party tortfeasor. *Id.* When the insured submits a proposed third party settlement to his or her insurer and requests consent, however, the insurer is required to grant or deny consent without undue delay. *Fisher v. USAA Casualty Ins. Co.,* 973 F.2d 1103 (3rd Cir.1992) (applying Pennsylvania law); *Daley–Sand v. West American Ins. Co., supra,* 387 Pa.Super. 630, 564 A.2d 965.

Here, the insurer was requested to give consent to the settlements and for more than ten months failed to grant or deny consent. Thereafter, the plaintiff-appellees consummated their settlements with the third party tortfeasors. Under these circumstances, Erie will not now be heard to complain that the consent to settlement clause was violated by its insureds. Not only was due notice given, but Erie had ample time within which to act to preserve its right of subrogation.

The order of the trial court granting declaratory judgment, as modified by the foregoing opinion, is affirmed.