658 A.2d 1346

**Earl CHAMBERS, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued April 5, 1995.

Filed May 23, 1995.

Alan Berman, Pittsburgh, for appellant.

Alan T. Silko, Pittsburgh, for appellee.

Before POPOVICH, FORD ELLIOTT and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the order of August 18, 1994, entered in the Court of Common Pleas of Allegheny County. Herein, we are asked to determine whether the lower court erred in finding that appellant was not entitled to underinsured motorist coverage from appellee, Aetna Casualty and Surety Company ("Aetna"), because appellant did not exhaust the policy limits of available liability insurance. Upon review, we vacate

the lower court's order and permit appellant to assert a claim for underinsured motorist coverage.

The record reveals that on June 6, 1991, Vincent LaVelle lost control of his automobile and struck an automobile operated by appellant. Appellant brought action against LaVelle for personal injuries. LaVelle was insured by Allstate Insurance Company ("Allstate") under a liability policy which had a limit of $100,000.00. Appellant was insured by Aetna under a policy that provided underinsured motorist coverage with a limit of $300,000.00 per person in stacked benefits. That policy included the following clause:

"We [Aetna] will pay under this coverage only after the limits of liability under any applicable bodily injury, liability bonds or policies have been exhausted by payment of judgments or settlements."

On March 2, 1993, appellant and LaVelle entered into a structured settlement which required Allstate to pay appellant as follows:

| | | |
|---|---|---|
| $75,000.00 | – | February 19, 1993 |
| $ 4,720.00 | – | March 22, 1998 |
| $ 6,815.00 | – | March 22, 2003 |
| $ 9,850.00 | – | March 22, 2008 |
| $14,160.00 | – | March 22, 2013 |

The total payout under the structured settlement over a period of twenty years was $110,545.00. The present value of the structured settlement on the date of settlement was $91,246.77.

On March 8, 1993, appellant filed a complaint for declaratory judgment against Aetna seeking underinsured motorist benefits. Appellant contended that the implementation of Aetna's exhaustion clause as a condition precedent to payment of underinsured motorist benefits was void for being against public policy. On August 18, 1994, the lower court entered an order which denied appellant's claim. This timely appeal ensued.

An appellate court's scope of review in a declaratory judgment action is limited to determining whether the trial

court committed a clear abuse of discretion or an error of law. *Winkelman v. PFRACP,* 418 Pa.Super. 439, 442–44, 614 A.2d 717, 719 (1992).

■ Recently, our court in *Boyle v. Erie Ins. Co.,* 441 Pa.Super. 103, 656 A.2d 941 (1995), was presented with facts and issues similar to those of the instant case. In that case, Thomas and Janice Boyle brought action against Dale Hitchcock for injuries sustained when Hitchcock's vehicle struck the Boyles' vehicle. The Boyles entered into a settlement with Hitchcock. The settlement exhausted only fifty percent (50%) of Hitchcock's liability coverage. The Boyles then asserted that they were entitled to underinsured motorist coverage under their own policy with Erie Insurance Company ("Erie"). Erie denied coverage on the basis that the Boyles had not exhausted the limits of Hitchcock's liability policy as required by the exhaustion clause in the Erie policy. There, our court addressed the question of whether that clause barred the Boyles' claim for underinsured motorist benefits. In *Boyle, supra* at 103, 656 A.2d 941, we made the following observations:

> To enforce the policy language strictly would have the effect of failing to provide the protection intended by the legislature for an insured driver. In some cases it may prevent an injured insured from accepting a reasonable, third party settlement and require that the third party litigation be pursued to final judgment. This would delay recovery when prompt payment was needed, would lessen the insured's recovery by requiring him or her to pay additional costs, and would unnecessarily burden the judicial system . . . .
>
> On the other hand, an exhaustion clause must be interpreted to provide protection to an insurance company against a demand by its insured to fill the "gap" after a weak claim has been settled for an unreasonably small amount. The statutorily mandated coverage for underinsured motorist benefits was not intended to permit the insured absolute and arbitrary discretion to determine how

payment should be apportioned between his or her own insurance company and the tortfeasor's liability carrier....

In *Boyle, supra* at 103, 656 A.2d 941 (slip opinion at 6–7), our court then enunciated the following holding:

[T]he conflicting interests of insured and insurer can best and most fairly be served by construing the exhaustion clause in this case as a "threshold requirement and not a barrier to underinsured motorist insurance coverage." *Bogan v. Progressive Casualty Ins. Co.*, 36 Ohio St.3d 22, 28, 521 N.E.2d 447, 453 (1988), *modified in part on other grounds, McDonald v. Republic–Franklin Ins. Co.*, 45 Ohio St.3d 27, 543 N.E.2d 456 (1989). Thus, when the insureds settled their claim against the tortfeasor's liability carrier for less than policy limits, the underinsured motorist carrier was entitled to compute its payment to its injured insureds as though the tortfeasor's policy limits had been paid. Accord: *Hamilton v. Farmers Ins. Co. of Washington*, 107 Wash.2d 721, 728, 733 P.2d 213, 217 (1987). Under this view, the insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages. The courts of other jurisdictions have applied a similar view. See: *Aetna Casualty & Surety Co. v. Farrell*, 855 F.2d 146 (3rd Cir.1988) (applying New Jersey law); *Schmidt v. Clothier, supra* [338 N.W.2d 256 (Minn.1983) ]; *Shaw v. Continental Ins. Co.*, 108 Nev. 928, 840 P.2d 592 (1992) (per curiam); *Longworth v. Van Houten*, 223 N.J.Super. 174, 538 A.2d 414 (1988); *McDonald v. Republic–Franklin Ins. Co., supra; Bogan v. Progressive Casualty Ins. Co., supra; Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105 (Okl.1991); *Hamilton v. Farmers Ins. Co. of Washington, supra.*

In light of our court's decision in *Boyle, supra*, we find that appellant is entitled to underinsured motorist coverage from Aetna. Here, the present value of the structured settlement on the date of settlement was $91,246.77. In *Boyle, supra*, 441 Pa.Super. 103, 656 A.2d 941, the settlement exhausted

only fifty percent (50%) of the tortfeasor's liability coverage. In the instant case, the settlement exhausted approximately ninety-one percent (91%) of LaVelle's liability coverage. Guided by the analysis in *Boyle, supra*, we find that Aetna is not required to pay $8,753.23, the difference between the settlement amount and LaVelle's $100,000.00 liability policy. However, Aetna is required to compute its payment for under-insured motorist benefits to appellant as though LaVelle's $100,000.00 liability policy has been paid. Aetna will be allowed to credit LaVelle's $100,000.00 liability coverage against appellant's damages.

We vacate the order of the lower court denying declaratory judgment to appellant and remand in accordance with this opinion. Jurisdiction is relinquished.