## Erie Insurance Exchange v. Karoly

C.P. of Lehigh County, no. 96-C-0892.

*Marvin O. Schwartz,* for plaintiff.
*Edward R. Eidleman,* for defendants.

GARDNER, *P.J.,* April 9, 1999—This matter is before the court on the motion for summary judgment on behalf of Peter J. Karoly, Joseph Pulcini Jr., Michele R. Killian,[1] and Peter J. Karoly & Associates, filed November 2, 1998. Oral argument was held December 11, 1998, and March 12 and 15, 1999. For the reasons expressed below, we deny the motion.

This is an action for fraud by plaintiff insurance company against defendant attorneys in connection with the settlement of an underinsured motor coverage claim resulting from a motor vehicle accident.

On May 1, 1993, Dean Stern was operating a motorcycle owned by Kimberly J. Caton, who was riding as a passenger. The motorcycle collided with a vehicle driven by Lorraine Semmel. Unfortunately, Miss Caton was killed in the accident and Mr. Stern was injured.

At the time of the accident, the motorcycle was insured by plaintiff with an underinsured motorist coverage of $100,000 per person. The policy included an exhaustion clause which provided that when a claim involved an underinsured motorist claim, plaintiff would not pay benefits until all other policies had been exhausted. The policy also provided that in the event of a fraudulent claim, plaintiff would not make any payment for the accident.

Plaintiff contends that defendant Karoly committed fraud in a telephone conversation with Hugh Gallagher, a claims adjuster of plaintiff, prior to December 16, 1993.

---

1. The motion for summary judgment was previously granted in favor of defendant Killian, and defendant Killian was dismissed as a party to this lawsuit by order of the undersigned entered December 11, 1998 by agreement of the parties.

At that time, defendant Karoly allegedly represented to Mr. Gallagher that CNA Insurance Company, the insurance carrier for Lorraine Semmel, had agreed to settle Mr. Stern's claim. Defendant Karoly then demanded the underinsured motorist benefits under the insurance policy carried by plaintiff.

Plaintiff also contends that on April 18, 1994, Mr. Stern executed an underinsured motorist release in favor of plaintiff, and that on April 28, 1994, Mr. Stern executed a joint tort-feasor release in favor of Lorraine Semmel. Plaintiff alleges that defendant Pulcini instructed his secretary Michele Killian to forward the documents. Defendant's contend that both documents were sent to plaintiff and neither release was sent to CNA.

Plaintiff alleges that defendants represented that CNA had settled the case by payment of its full $300,000 policy limit: $225,000 to the Caton estate and $75,000 to Mr. Stern. Thereafter, on May 2, 1994, plaintiff sent defendant Karoly a check for $100,000 in settlement of the underinsured motorist claim.

Plaintiff avers that in June 1994, defendant Karoly contacted CNA and demanded that CNA tender the policy limits. CNA refused and indicated it never agreed to settle the claims. Plaintiff alleges that defendants did not inform plaintiff that CNA refused to tender the policy limits. Plaintiff contends that defendants committed fraud by representing to plaintiff that CNA had settled the claim against Lorraine Semmel by tendering its policy limits when, in fact, CNA had not.

In their motion, defendants contend that they are entitled to summary judgment because there is no genuine issue of material fact as to whether fraud occurred, because the exhaustion clause was satisfied and because plaintiff has not established damages. We disagree.

To deny coverage under an insurance policy based upon a misrepresentation, the insurer must establish: (1) that the representation was false, (2) that the subject matter was material to the risk, and (3) that the person making the statement knew it to be false or made the representation in bad faith. *Tudor Insurance Company v. Township of Stowe,* 697 A.2d 1010 (Pa. Super. 1997).

In this case, defendants contend that Leslie K. Romasco, a claims adjuster for CNA, offered to settle the claims against Lorraine Semmel during a telephone conversation. Thus, defendants contend that they believed a settlement had been reached and, therefore, they contacted plaintiff and advised plaintiff of the settlement. Defendants contend that at most their representation to plaintiff was a mistake, but was not fraudulent.

However, plaintiff contends that Miss Romasco denies that the conversation occurred and denies that she offered to settle the claim on behalf of CNA. (Notes of Testimony of Leslie Romasco, September 10, 1998, pp. 114, 123, 131-32, 135.) Thus, there is a genuine issue of fact as to whether defendants' representation that a settlement had occurred was false and whether defendants knew that the representation was false or whether they were merely mistaken. Accordingly, summary judgment is not appropriate on plaintiff's claim for fraud.

Next, we turn to defendants' claim that the exhaustion clause of the insurance policy was not violated. Defendants contend that the exhaustion clause of the Caton insurance policy did not require Mr. Stern to settle with CNA as a precondition for the settlement of his underinsured motorist claim with plaintiff. Therefore, defendants contend that it is irrelevant that Mr. Stern did not actually settle his claim against Lorraine Semmel until

June 12, 1996, two years after plaintiff paid its underinsured motorist benefits to Mr. Stern.

An exhaustion clause is a condition precedent which precludes an insured from recovering underinsured motorist benefits unless his damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident. However, an exhaustion clause does not bar an insured who settles his claim against the tort-feasor's liability carrier for less than policy limits from recovering underinsured motorist benefits, provided the underinsured motorist carrier is credited the full amount of the tort-feasor's liability coverage against the insured's damages. *Boyle v. Erie Insurance Company,* 441 Pa. Super. 103, 656 A.2d 941 (1995).

More simply stated, if an insured settles a claim against a third-party's liability coverage for less than the policy limits, the underinsured motorist carrier may apply the full amount of the liability coverage to the insured's damages before the underinsured motorist carrier is obligated to pay benefits. If the insured's damages do not exceed the full amount of the liability coverage, the underinsured motorist carrier is not obligated to pay benefits.

However, while the insured is not obligated to settle his claim for the full policy limits to satisfy an exhaustion clause, the insured is required to actually settle his claim before a claim may be made for underinsured motorist benefits. In *Boyle, supra,* the Superior Court of Pennsylvania held that an exhaustion clause is a "threshold requirement" which must be satisfied before recovery of underinsured motorist benefits could be had. See also, *Kelly v. State Farm Insurance Company,* 447 Pa. Super. 214, 668 A.2d 1154 (1995); *Chambers v. Aetna*

*Casualty and Surety Company,* 442 Pa. Super. 155, 658 A.2d 1346 (1995).

Defendants contend that settlement of an insured's claim against the liability carrier is not actually necessary to satisfy a condition precedent exhaustion clause. Defendants rely on *Leon v. Nationwide Insurance Company,* 25 Phila. 557 (C.P. Philadelphia 1993), *aff'd,* 434 Pa. Super. 675, 640 A.2d 479 (1993), to support their argument.

The *Leon* decision could be interpreted to find that an exhaustion clause is satisfied, even if no settlement with the liability carrier actually occurred, provided that the underinsured motorist carrier is given credit against the insured's claim for damages for the entire amount of the liability coverage. However, this interpretation of the *Leon* case is contrary to the subsequent, well-reasoned decisions of the Superior Court of Pennsylvania which have held that an exhaustion clause is a "threshold requirement." *Boyle, supra; Kelly, supra; Chambers, supra.* Moreover, the *Leon* decision is a decision of the Court of Common Pleas of Philadelphia County which was affirmed by the Superior Court without explanation.

Accordingly, we are constrained to follow the more recent cases of the Superior Court which have found that an exhaustion clause is satisfied only after the actual settlement of the underlying liability claim. *Id.* For all the foregoing reasons, summary judgment is inappropriate.

Finally, we turn to defendants' contention that summary judgment should be granted as to all of plaintiff's claims because plaintiff cannot establish damages. Defendants argue that because Mr. Stern eventually settled his claim against CNA on June 12, 1996 for the exact

amount that defendants represented CNA had settled for in 1993, plaintiff would have been obligated to pay Mr. Stern underinsured motorist benefits in 1996. Therefore, defendants contend that plaintiff was not prejudiced by paying Mr. Stern benefits on May 2, 1994 and that plaintiff can establish no damages. Additionally, defendants argue that plaintiff cannot establish sufficient evidence of outrageous conduct to support an award of punitive damages.

As discussed above, under the Caton policy, plaintiff is not obligated to pay benefits if a fraudulent claim is made. Thus, if plaintiff can establish at trial that defendants did in fact commit fraud, plaintiff would be entitled to recover the amounts previously paid to Mr. Stern. Moreover, if plaintiff establishes that defendants committed fraud, plaintiff could recover punitive damages. *McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 144, 604 A.2d 1053, 1061 (1992), *alloc. denied,* 532 Pa. 664, 616 A.2d 985 (1992).

Furthermore, even if plaintiff cannot establish that it was entitled to deny coverage, if plaintiff can establish that the exhaustion clause was not satisfied when plaintiff paid benefits to Mr. Stern on May 2, 1994, plaintiff could recover damages for its lost interest between May 2, 1994 and the time when plaintiff was actually obligated to pay benefits. Accordingly, summary judgment is not appropriate.

### ORDER

Now, April 9, 1999, upon consideration of the motion for summary judgment on behalf of Peter J. Karoly, Joseph Pulcini Jr., Michele R. Killian, and Peter J. Karoly & Associates, filed November 2, 1998, upon consider-

ation of the briefs of the parties, after oral argument held December 11, 1998, and March 12 and 15, 1999, and for the reasons expressed in the accompanying opinion, it is ordered that the motion for summary judgment is denied.

