**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**William COSENZA, et. al., Defendants.**

No. Civ. A. 99–3533.

United States District Court,
E.D. Pennsylvania.

Nov. 2, 2000.

**490**

Scott J. Tredwell, James C. Haggerty, Swartz, Campbell & Detweiler, Philadelphia, PA, for plaintiff.

David C. Corujo, Media, PA, David C. Corujo, Fronefield and De Furia, Media, PA, for defendants.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

I. INTRODUCTION

This case involves a dispute over insurance coverage arising out of an auto accident involving two cars, three claimants, and three insurance policies.

The defendants in this case are the driver, Mrs. Angeline Cosenza, and passengers, Mr. William Cosenza and Patsy Dezii, of a vehicle that collided with another vehicle, allegedly resulting in personal injuries to defendants. Defendants' vehicle was insured under an automobile policy ("the auto policy") issued by plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), that contained both liability and underinsured motorist coverage ("the liability and underinsured portions of the auto policy"). The defendants' vehicle's policy holder, Mr. Cosenza, also carried an umbrella policy issued by Nationwide. The other vehicle involved in the accident was covered by an automobile liability policy issued by Progressive Casualty Insurance Company ("Progressive").

After the accident, defendants filed suit in state court against the driver of the other vehicle. The parties subsequently settled the state court action. Under the terms of the settlement, defendants received the full amount of the coverage available under the Progressive liability policy. Two of the three defendants, Mr.

Cosenza and Dezii, also received some payment under Nationwide's auto policy, but did not exhaust the full amount of the coverage available under that policy. No payment was made under either Nationwide's underinsured portion of the auto policy or under the umbrella policy.

The defendants have now made claims for additional recovery under the underinsured portion of the auto policy. In this action, Nationwide now seeks a declaratory judgment that defines the rights of defendants under the auto policy. Before the court are cross-motions for summary judgment. The primary issue raised by the motions is whether defendants are prohibited from further recovery under the terms of the auto policy.

For the reasons that follow, the court will grant in part and deny in part both motions as follows: (1) Mr. Cosenza and Dezii, who recovered liability benefits under the auto policy, are prohibited from recovering underinsured motorist benefits for their own injuries under either the auto policy or the umbrella policy by the plain language of the auto policy barring recovery of both liability and underinsured benefits; (2) Mrs. Cosenza is not prohibited from recovering underinsured motorist benefits for her own injuries under either the auto policy or the umbrella policy because the other vehicle involved in the accident insured by Progressive and not the vehicle insured by Nationwide is the "underinsured motor vehicle" upon which her claim is predicated; (3) Mrs. Cosenza is prohibited from recovering loss of consortium underinsured motorist benefits stemming from Mr. Cosenza's injuries under either the auto policy or the umbrella policy because her claim is derivative of her husband's claim, and her husband is prohibited from recovering underinsured motorist benefits for his own injuries by the plain language of the auto policy; (4)

Mr. Cosenza is not prohibited from recovering loss of consortium underinsured motorist benefits stemming from his wife's injuries under either the auto policy or the umbrella policy because the ambiguous language of the auto policy, when construed against Nationwide, does not bar Mr. Cozensa's claim for underinsured motorist benefits; and (5) Nationwide is not entitled to a credit for payments already received by defendants pursuant to the state court settlement.

## II. FACTS

The relevant facts are undisputed. On July 16, 1995, William Cosenza and Patsy Dezii were passengers in an automobile driven by Angeline Cosenza ("defendants' vehicle") which was involved in a collision with another vehicle driven by Angela M. Nicolucci ("Nicolucci's vehicle").[1] Defendants' vehicle was covered by an automobile insurance policy issued to defendant Mr. Cosenza by the plaintiff, Nationwide Mutual Insurance Company. The auto policy provided up to $500,000 in coverage for each of the two portions of the auto policy relevant to this action: liability coverage and underinsured motorist coverage. Mr. Cosenza was also the insured under an umbrella insurance policy ("the umbrella policy") issued by Nationwide, that provided coverage in the amount of $500,000 for underinsured motorist coverage and $1,000,000 in total liability coverage. Nicolucci's vehicle was covered by a liability policy issued by Progressive with bodily injury coverage limits of $15,000/$30,000.

Following the accident, defendants initiated a lawsuit against Nicolucci in the Delaware County Court of Common Pleas ("the state court action").[2] Nicolucci subsequently joined defendant Mrs. Cosenza as an additional defendant in the state court action. Prior to trial, the parties settled the state court action. Under the

---

1. Defendants Mr. and Mrs. Cosenza are husband and wife. Defendant Dezii is defendant Mrs. Cosenza's mother.

2. Defendants' lawsuit included claims for personal injuries and loss of consortium against Nicolucci.

terms of the settlement, (1) defendant Mr. Cosenza received $14,998.00 from Progressive and $75,000.00 from Nationwide under the auto policy, for a total of $89,998.00; (2) defendant Dezii received $1.00 from Progressive and $7,000.00 from Nationwide under the auto policy, for a total of $7,001.00; (3) defendant Mrs. Cosenza received $1.00 from Progressive and nothing under Nationwide's auto policy. The settlement agreement entered into by the parties was silent as to whether additional recovery was available under either the auto policy or the umbrella policy.

Thereafter, the three defendants to this action made claims upon Nationwide for underinsured motorist benefits under both the auto policy and the umbrella policy.[3] In response, Nationwide filed the instant declaratory judgment action.

Nationwide contends that defendants are prohibited from recovering underinsured motorist benefits under the auto policy for three alternative reasons. First, Nationwide argues that the defendants' vehicle is not an "underinsured motor vehicle" under the auto policy. Second, Nationwide asserts that even if the defendants' vehicle is an "underinsured motor vehicle" as defined in the auto policy, defendants are prohibited under the auto policy from recovering both liability and underinsured benefits for the same injuries. Third, Nationwide contends that it is entitled to a credit equal to the full amount of the coverage limits under both the auto policy and the Progressive policy. Finally, Nationwide argues that because defendants are prohibited from recovering underinsured motorist benefits under the auto policy, and recovery under the umbrella policy depends upon recovery under the auto policy, defendants are likewise prohibited from recovering underinsured motorist benefits under the umbrella policy.

In response, defendants argue that Nationwide misconstrues their claims for underinsured motorist benefits. Defendants argue that Nicolucci's vehicle, not defendants' vehicle, is the "underinsured motor vehicle" upon which their claim for recovery is predicated in this case. According to defendants, the prohibition against recovering under both the liability and underinsured portions of the auto policy is inapplicable where defendants' claims are based upon the underinsured status of Nicolucci's vehicle. Defendants also argue that even if defendants Mr. and Mrs. Cosenza are prohibited from recovering underinsured motorist benefits for their own injuries, they may still recover derivatively for each other's injuries through their loss of consortium claims. Finally, defendants contend that because they are not prohibited from recovering underinsured motorist benefits under the auto policy, they are likewise not prohibited from recovering any supplemental benefits due under the umbrella policy.

## III. LEGAL STANDARD

### A. *Summary Judgment Under Fed. R.Civ.P. 56*

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the movant is the party bearing the burden of proof at trial, it must come forward with evidence entitling it to a directed verdict. *See Paramount Aviation Corp. v. Augusta*, 178 F.3d 132, 146 (3d Cir.1999), *cert. denied*, 528 U.S. 878, 120 S.Ct. 188, 145 L.Ed.2d 158 (1999). When ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106

---

**3.** Defendants also filed a petition to compel arbitration for underinsured motorist benefits against Nationwide in state court. Nationwide removed that action to this court after it had initiated the instant declaratory judgment action. By order of October 27, 1999, the court consolidated the two cases. *See* Doc. No. 9.

S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *See Big Apple BMW, Inc. v. BMW of N. Amer., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. *See* Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.,* 967 F.2d 846, 852 (3d Cir.1992); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. *Review of Insurance Contracts*

■ Under Pennsylvania law, it is the province of the court to interpret contracts of insurance.[4] *See Niagara Fire Ins. Co. v. Pepicelli, Pepicelli, Watts and Youngs, P.C.,* 821 F.2d 216, 219 (3d Cir.1987). The primary consideration in interpreting an insurance contract is "to ascertain the intent of the parties as manifested by the language of the written instrument." *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). In doing so, "an insurance policy must be read as a whole [by the court] and construed according to the plain meaning of its terms." *C.H. Heist Caribe Corp. v. American Home Assurance Co.,* 640 F.2d 479, 481 (3d Cir.1981); *see also Koval v. Liberty Mut. Ins. Co.,* 366 Pa.Super. 415, 531 A.2d 487, 489 (1987) ("[The court] must construe a contract of insurance as a whole and not in discrete units."). Where a provision of a contract of insurance is ambiguous, the provision

must be construed in favor of the insured, and against the insurer, the drafter of the contract. *See Standard Venetian Blind Co.,* 469 A.2d at 566. However, "a court should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." *St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co.,* 655 F.2d 521, 524 (3d Cir.1981).

## IV. ANALYSIS

### A. *Relevant Policy Language*

A determination of Nationwide's obligations under both the auto policy and the umbrella policy must begin with an examination of the pertinent policy language.

#### 1. *Underinsured motorist coverage under the auto policy*

The auto policy requires Nationwide to "pay compensatory damages as a result of bodily injury suffered by you or a relative and due by law from the owner or driver of an underinsured motor vehicle. Damages must result from an accident arising out of the ... use of the underinsured motor vehicle." Century II Auto Policy, p. 17, Nationwide's Mem., Ex. A. The policy defines an "underinsured motor vehicle" as "a motor vehicle for which bodily injury liability coverage, bonds or self-insurance are in effect. However, their total amount is insufficient to pay the damages an insured is entitled to recover." Century II Auto Policy, p. 18, Nationwide's Mem., Ex. A. The policy excludes from the definition of an "underinsured motor vehicle" "any motor vehicle insured under the liability coverage of this policy...." Century II Auto Policy, p. 18, Nationwide's Mem., Ex. A.

#### 2. *Recovery under both the liability and underinsured portions of the auto policy*

An endorsement to the auto policy provides, in relevant part, "The Insured may recover for bodily injury under the Auto Liability coverage or the Underinsured Motorists coverage of this policy, but not

4. The parties agree that Pennsylvania law applies to this case.

under both coverages" ("the dual recovery prohibition"). Endorsement 2360: Underinsured Motorists Coverage Non–Stacked (Pennsylvania), p. 3, Nationwide's Mem., Ex. A.

### 3. Coverage under the umbrella policy

"An umbrella policy ... is a 'supplemental insurance policy which protects insureds against losses in excess of the amount covered by their other liability insurance policies and fills in gaps in coverage.'" *Been v. Empire Fire & Marine Insurance Company*, 751 A.2d 238, 241 n. 1 (Pa.Super.2000)(*quoting Northern Insurance Co. of New York v. Dottery*, 43 F.Supp.2d 509, 514 n. 4 (E.D.Pa.1998)). The umbrella policy in this case includes the following limitation, "It is agreed that this endorsement is subject to the terms and conditions of the underinsured motorists coverage included in [the auto policy] except as modified herein." [5] Uninsured/Underinsured Motorists Coverage Endorsement: Personal Umbrella Liability Policy, Nationwide's Mem., Ex. C.

Because defendants assert various types of claims for underinsured motorist benefits, clarity requires that the court address defendants' claims separately.[6]

### B. Mrs. Cosenza's Claim for Underinsured Motorist Benefits For Her Own Bodily Injuries

The sole issue raised by Mrs. Cosenza's claim for underinsured motorist benefits is whether her claim is barred because the July 16, 1995 accident did not arise "out of the ... use of the underinsured motor vehicle." [7] Nationwide argues that because the defendants' vehicle is covered by the liability portion of the auto policy, it cannot also be deemed an "underinsured motor vehicle" under the same policy. Consequently, if Mrs. Cosenza's claim is based on the underinsured status of the defendants' vehicle, her claim would be barred according to Nationwide.

This argument is without merit because the defendants' claim is based on the underinsured status of the Nicoletti vehicle, and not on the defendants' vehicle. First, defendants have stated unequivocally that Niccolucci (and not the Cosenzas) is the underinsured motorist under which they are asserting their claim. (*See* Letter from David C. Corujo to Joseph Branca of 5/3/99, in Nationwide's Notice of Removal Ex. B at 7.) Second, it is plain from the undisputed facts underlying the accident and the terms of the state court settlement that Mrs. Cosenza's claim, as well as the claims of her co-defendants, are grounded upon the underinsured status of Nicolucci's vehicle, and not the defendants' vehicle.[8] Because Nationwide does not dispute that Nicolucci's vehicle was involved in the accident, and that the Nicoletti vehicle is "a motor vehicle for which [its existing] bodily

---

**5.** . Because recovery under the umbrella policy is, in the first instance, dependent upon recovery under the auto policy, the court will discuss only the auto policy unless further discussion of the umbrella policy is warranted. To the extent that the Court finds that defendants may pursue claims under Mr. Cosenza's auto policy, they may also pursue such claims under Mr. Cosenza's umbrella policy. Conversely, any claims that the Court finds are barred under the auto policy are also barred under the umbrella policy.

**6.** Defendants argue that the instant dispute must be submitted to arbitration pursuant to an arbitration clause contained in the auto policy. Defendants presented the same argument in a previously filed motion to dismiss, which the court denied. *See* Doc. Nos. 4 & 9.

The law of the case doctrine, however, counsels against revisiting defendants' request to compel arbitration. The doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided.' *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir.1997)(quotation omitted). In this case, the court finds no justification for addressing defendants' request to compel arbitration a second time.

**7.** Mrs. Cosenza did not recover liability benefits under the auto policy as part of the state court settlement. Thus, the auto policy's dual recovery prohibition is not applicable to her claim.

**8.** Curiously, neither party has submitted to the court a copy of the actual claims submitted by defendants.

injury liability coverage ... is insufficient to pay the damages an insured is entitled to recover," Section IV(A)(1), *supra*, the court concludes that the auto policy does not prohibit Mrs. Cosenza's claim for underinsured motorist benefits based on the underinsured status of the Nicolucci vehicle.[9]

### C. Mr. Cosenza and Dezii's Claims For Underinsured Motorist Benefits For Their Own Bodily Injuries

■ Because Mr. Cosenza and Dezii both recovered liability benefits under the auto policy as part of the state court settlement, their claims, unlike Mrs. Cosenza's claim, do implicate the auto policy's dual recovery prohibition. Nationwide contends that the clear language of the auto policy prohibits Mr. Cosenza and Dezii's claims for underinsured motorist benefits under the auto policy. Mr. Cosenza and Dezii argue that because their claims are predicated upon the underinsured status of Nicolucci's vehicle, the dual recovery prohibition is inapplicable.

Mr. Cosenza and Dezii's claims for underinsured motorist benefits under the auto policy are prohibited by the clear language of the policy. Once an insured recovers for his or her own bodily injuries under the liability portion of the auto policy, that insured may not also recover for the same bodily injuries under the underinsured portion of the auto policy. *See* Endorsement 2360: Underinsured Motorists Coverage Non–Stacked (Pennsylvania), p. 3, Nationwide's Mem., Ex. A. ("The Insured may recover for bodily injury under the Auto Liability coverage or the Underinsured Motorists coverage of this policy, but not under both coverages"). This is so because Mr. Cosenza and Dezii's claims are for their own bodily injuries, and the operative language of the auto

policy is not reasonably subject to any other reading. Therefore, the court must give effect to the language. Thus, having already recovered for their bodily injuries under the liability portion of the auto policy, Mr. Cosenza and Dezii are prohibited from also recovering for those injuries under the underinsured portion of the auto policy or the umbrella policy.[10]

Perhaps to avoid the plain language of the auto policy, Mr. Cosenza and Dezii stress that their claims are based not upon the coverage of defendants' vehicle but rather upon the underinsured status of Nicolucci's vehicle. This argument also misses the mark. In order to recover underinsured motorist benefits under the auto policy, a claimant must satisfy two requirements. One, the claimant must demonstrate that the underlying automobile accident arose "out of the ... use of the underinsured motor vehicle." Two, the claimant must establish that he has not previously recovered under the liability portion of the auto policy for bodily injuries suffered in the same accident. Although Mr. Cosenza and Dezii's argument meet the first requirement, they do not satisfy the second because they cannot show that they are not seeking to recover from the same injuries arising from the same accident.

Mr. Cosenza and Dezii rely upon *Continental Insurance Co. v. Kubek*, 86 F.Supp.2d 503 (E.D.Pa.2000). In that case, Leon Kubek was a passenger in a vehicle driven by his wife which was involved in a collision with another vehicle driven by Nancy Moritz. The Kubek's vehicle was covered by an insurance policy issued by Continental Insurance Company ("Continental"). Moritz's vehicle was covered by an Allstate Insurance Company ("Allstate") policy. The Kubeks initiated a

---

**9.** To the extent that plaintiff was not placed on notice by defendants' answer that recovery was predicated upon the underinsured status of Nicoletti's vehicle, leave will be granted for defendants to amend the answer to so plead within ten (10) days. *See* Fed R. Civ. P. 15(a).

**10.** For purposes of this analysis, the court assumes that defendants Mr. Cosenza and Dezii have shown that the July 16, 1995 accident arose "out of the ... use of the underinsured motor vehicle," as required under the auto policy.

state tort action against Moritz, who subsequently joined Mrs. Kubek as an additional defendant. *See id.* at 504. The court concluded that Mr. Kubek was not prohibited from recovering underinsured motorist benefits under the Continental policy even though the Kubek's vehicle was excluded from the definition of an "underinsured vehicle" in the policy. *See id.* at 510.

*Kubek* is distinguishable because the Continental policy in *Kubek* did not include language similar to the dual recovery prohibition which is present in this case.[11] In this case, however, unlike *Kubek*, the language in the policy itself prohibits the double recovery.[12] Therefore, the court concludes that Mr. Cosenza and Dezii are prohibited from recovering underinsured motorist benefits under either the auto policy or the umbrella policy.

### D. *Mr. and Mrs. Cosenza's Loss of Consortium Claims for Underinsured Motorist Benefits*

Mr. and Mrs. Cosenza contend that even if the auto policy prohibits them from recovering underinsured motorist benefits in their own right, they may still recover derivatively for each other's injuries through their loss of consortium claims. Specifically, Mr. and Mrs. Cosenza argue that since the dual recovery prohibition in the auto policy applies only to recovery for "bodily injury," and loss of consortium recovery is not recovery for "bodily injury,"

their claims are unaffected by the dual recovery prohibition.

Initially, the auto policy clearly permits loss of consortium claims for underinsured motorist benefits. Specifically, the underinsured portion of the auto policy "protects others for compensatory damages due them, as a derivative claim, by law because of bodily injury to you or a relative." Century II Auto Policy, p. 17, Nationwide's Mem., Ex. A. Thus, the question is whether, considering both the above language and the dual recovery prohibition, Mr. and Mrs. Cosenza's claims are prohibited.

#### 1. *Mrs. Cosenza's claim*

■ Even without reference to the dual recovery prohibition, Mrs. Cosenza's claim for loss of consortium underinsured motorist benefits based upon injuries sustained by her husband must be rejected. The underinsured coverage permits damages due "by law" for a derivative claim. Under Pennsylvania law, a loss of consortium claim is a derivative claim, the success of which is "always dependent upon the injured spouse's right to recover." *Scattaregia v. Wu,* 343 Pa.Super. 452, 495 A.2d 552, 554 (1985). In this case, as Mr. Cosenza is prohibited from recovering underinsured motorist benefits for his own injuries under either the auto policy or the umbrella policy, Mrs. Cosenza's loss of consortium claim under both the auto policy and the umbrella policy is similarly prohibited.

---

**11.** If the Continental policy in *Kubek* did contain language similar to the auto policy's dual recovery prohibition, Continental did not raise it as an issue in the case.

**12.** The court is cognizant of the line of Pennsylvania case law beginning with *Wolgemuth* in which the Superior Court has found, on several slightly different sets of facts, that an individual who is injured in an automobile accident may not recover under both the liability and underinsured portions of the same insurance policy. *See Wolgemuth,* 535 A.2d at 1150; *Newkirk v. United Services Automobile Association,* 388 Pa.Super. 54, 564 A.2d 1263, 1269 (1989); *Caldararo v. Keystone Insurance Co.,* 393 Pa.Super. 103, 573 A.2d

1108, 1111 (1990); *Sturkie v. Erie Insurance Group,* 407 Pa.Super. 117, 595 A.2d 152, 158 (1991); *Cooperstein v. Liberty Mutual Fire Insurance Co.,* 416 Pa.Super. 488, 611 A.2d 721, 724 (1992). Despite the surface appeal of the courts' conclusions, close inspection of the *Wolgemuth* line of cases reveals that it is not precisely on point. The *Wolgemuth* line of cases turned on an examination of a "family car exclusion" identical to that found in *Kubek.* Nationwide does not rely on a "family car exclusion" in this case. In any event, to the extent that the *Wolgemuth* line of cases is on point, it is consistent with the court's conclusion.

### 2. *Mr. Cosenza's claim*

■ Because the auto policy does not prohibit Mrs. Cosenza's claim for underinsured motorist benefits in her own right, the analysis of Mr. Cosenza's loss of consortium claim is more complicated than Mrs. Cosenza's claim. Mr. Cosenza is correct that the dual recovery prohibition applies only to an insured's ability to recover for "bodily injury" under both the liability and underinsured portions of the auto policy. *See* Endorsement 2360: Underinsured Motorists Coverage Non–Stacked (Pennsylvania), p. 3, Nationwide's Mem., Ex. A. ("The Insured may recover for bodily injury under the Auto Liability coverage or the Underinsured Motorists coverage of this policy, but not under both coverages.") Furthermore, the auto policy defines "bodily injury" as "a) bodily injury; b) sickness; c) disease; or d) death; *of any person.*" Century II Auto Policy, p. 2, Nationwide's Mem., Ex. A (emphasis added). Thus, the dual recovery prohibition allows Mr. Cosenza to "recover for bodily injury [of any person] under the [liability] coverage or the [underinsured] coverage of this policy, but not under both coverages." *See* Section IV(A)(2), *supra.*

The court finds that the dual recovery prohibition is ambiguous in the context of Mr. Cosenza's loss of consortium claim for underinsured motorist benefits. The ambiguity is created by the "of any person" language in the definition of "bodily injury." It is clear that once Mr. Cosenza recovered under the liability portion of the auto policy for his own bodily injuries, he could not later recover for his own bodily injuries under the underinsured portion of the policy. What is unclear, however, is whether Mr. Cosenza's recovery under the liability portion of the auto policy also triggers the dual recovery prohibition as it relates to other individuals. In other words, once an insured recovers for his own bodily injuries under the liability portion of the auto policy, does the "of any person" language mean that he is then barred from recovering under the underinsured portion of the policy for bodily injuries to himself and/or any other person involved in the same accident, or does it mean only that he is barred from recovering underinsured motorist benefits for his own bodily injuries? Because either interpretation is reasonable, the dual recovery prohibition is ambiguous as it relates to Mr. Cosenza's loss of consortium claim. *Williams v. Nationwide Mutual Insurance Co.,* 750 A.2d 881, 885 (Pa.Super.2000)("A provision of an insurance contract is 'ambiguous' if reasonably intelligent people could differ as to its meaning.").

An ambiguous provisions of a contract of insurance must be construed in favor of the insured, and against the insurer, the drafter of the contract. *See Standard Venetian Blind Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). In this case, because the dual recovery prohibition is ambiguous, it must be construed in favor of Mr. Cosenza and against Nationwide. Therefore, the court concludes that Mr. Cosenza is not prohibited from recovering loss of consortium underinsured motorist benefits under either the auto policy or the umbrella policy.[13]

### F. *Plaintiff's Request for a Credit*

■ Nationwide contends that even if defendants are entitled to recover for damages beyond those recovered pursuant to the settlement, plaintiff is entitled to a credit of $515,000 under the auto policy and $1,015,000 under the umbrella policy as to each defendant.[14] Under this con-

---

13. Again, the court expresses no opinion on whether defendant Mr. Cosenza should ultimately receive underinsured motorist benefits under the auto policy or the umbrella policy. The court concludes only that the dual recovery prohibition does not prohibit defendant Mr. Cosenza's loss of consortium claim for underinsured motorist benefits under either the auto policy or the umbrella policy.

14. Plaintiff contends that it is entitled to: (1) a credit of $515,000 for the auto policy equal

struction, because the limits set by the terms of the auto policy and the umbrella policy are $500,000 and $1,000,000, respectively, defendants would effectively be barred from recovery.

Plaintiffs rely on *Boyle v. Erie Ins. Co.*, 441 Pa.Super. 103, 656 A.2d 941 (Pa.Super.1995). In *Boyle*, the plaintiffs brought a claim for underinsured motorist benefits against their insurance carrier after they had entered into a settlement with and received compensation from the drivers of the two other vehicles involved in the accident. The plaintiffs' underinsured motorist policy had an exhaustion requirement mandating that the plaintiffs recover the full amount of any tortfeasor's insurance policy before seeking coverage from their own insurance carrier under the underinsured motorist coverage. *See id.* at 106, 656 A.2d 941 (describing the exhaustion policy). The court in *Boyle* held that where an insured party enters into a settlement agreement with the other driver involved in a two car accident, the insurance carrier of the insured party is entitled to a credit on its underinsured motorist policy issued to the insured party equal to the maximum liability coverage provided by the insurance carrier of the other driver. *See id.* at 943–944 ("[T]he insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages.").

Nationwide first argues that, under *Boyle*, it is entitled to a credit equal to the maximum coverage limit of the Progressive policy. In this case, however, defendants recovered the full amount of the underinsured motorist's coverage, so no credit of the type granted by the court in *Boyle* exists.[15] In addition, Nationwide already received the benefit of Progressive's payment of $15,000 in that Nationwide's contribution to the settlement was $15,000 less than what it would have paid had the tortfeasor in this case, Nicolucci, been uninsured rather than underinsured. Therefore, *Boyle* does not support Nationwide's argument, and Nationwide is not entitled to a credit for any of the $15,000 defendants received from Progressive.

Nationwide also relies on *Boyle* to argue that it is entitled to a credit equal to the coverage limits of the policies it issued to Mr. Cosenza because it paid some money under those policies to defendants under the state court settlement. *Boyle* does not address the question, however, of whether the insurance carrier of the nontortfeasor is entitled to a credit if it contributes to the settlement with the underinsured tortfeasor's insurance carrier. Nationwide does not point to any provision in either the auto policy or the settlement agreement (other than the double recovery provision, discussed above) which prevents defendants from asserting claims for different injuries arising out of the same incident at different times. Accordingly, Nationwide is not entitled to a credit for its own contribution to the state court settlement.

## V. CONCLUSION

For the reasons stated above, the court determines the extent of coverage under the auto policy and the umbrella policy to be as follows: (1) Mr. Cosenza and Dezii's

---

to the $500,000 coverage limit of Mr. Cosenza's auto policy plus the $15,000 coverage limit of Nicolucci's policy issued by Progressive; and (2) a credit of $1,015,000 for the umbrella policy equal to the $1,000,000 coverage limit of Mr. Cosenza's policy plus the $15,000 coverage limit of Nicolucci's policy issued by Progressive.

**15.** Had defendants only recovered $10,000 from Progressive under the terms of the settlement, Nationwide would be entitled to a credit of $5,000, the difference between the maximum amount of Progressive's coverage, $15,000, and the $10,000 that defendants would have received under the hypothetical settlement.

claims for underinsured motorist benefits for their own injuries under the auto policy and the umbrella policy are prohibited by the plain language of the auto policy's dual recovery prohibition; (2) Mrs. Cosenza is not prohibited from recovering underinsured motorist benefits under either the auto policy or the umbrella policy because Nicolucci's vehicle is the "underinsured motor vehicle" upon which her claim is predicated; (3) Mrs. Cosenza is prohibited from recovering loss of consortium underinsured motorist benefits under either the auto policy or the umbrella policy because Mr. Cosenza is prohibited from recovering underinsured motorist benefits under either policy by the plain language of the auto policy's dual recovery prohibition; (4) Mr. Cosenza is not prohibited from recovering loss of consortium underinsured motorist benefits under either the auto policy or the umbrella policy because the ambiguous language of the dual recovery prohibition, when construed against Nationwide, permits Mr. Cosenza's claim; and (5) Nationwide is not entitled to a credit against defendants' surviving claims for its contribution to the state court settlement.

An appropriate order follows.

**AND NOW**, this 2nd day of november, 2000, pursuant to a memorandum dated November 2, 2000, it is hereby **ORDERED** that the parties' cross-motions for summary judgment are both **GRANTED** in part and **DENIED** in part, the court Finding that:

1. William Cosenza and Patsy Dezii's claims for underinsured motorist benefits for their own injuries under the auto policy and the umbrella policy are prohibited by the plain language of the auto policy's dual recovery prohibition;

2. Angeline Cosenza is not prohibited from recovering underinsured motorists benefits for their own injuries under the auto policy and the umbrella policy are prohibited by the plain language of the auto policy's dual recovery prohibition;

3. Angeline Cosenza is prohibited from recovering loss of consortium underinsured motorists benefits under either the auto policy or the umbrella policy because William Cosenza is prohibited from recovering underinsured motorists benefits under either policy by the plain language of the auto policy's dual recovery prohibition;

4. William Consenza is not prohibited from recovering loss of consortium underinsured motorist benefits under either the auto policy or the umbrella policy because the ambiguous language of the dual recovery prohibition, when construed against Nationwide, permits William Consenza's claims; and

5. Nationwide is not entitled to a credit against defendant's surviving claims for its contribution to the state court settlement.

**AND IT IS SO ORDERED.**