Marianne GALLAGHER, Appellant

v.

**OHIO CASUALTY INSURANCE COMPANY.**

No. 14–2687.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 16, 2015.

Opinion Filed: Jan. 29, 2015.

Gregory E. Sciolla, Esq., Leonard, Sciolla, Hutchinson, Leonard & Tinari, Philadelphia, PA, for Appellant.

William C. Foster, Esq., Margaret M. Jenks, Esq., Carol A. Vanderwoude, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Ohio Casualty Insurance Company.

Before: HARDIMAN, SCIRICA and BARRY, Circuit Judges.

OPINION *

BARRY, Circuit Judge.

Appellant Marianne Gallagher appeals the order of the District Court granting summary judgment to her insurer, the Ohio Casualty Insurance Company ("Ohio Casualty"), on her claim for underinsured motorist benefits. We will affirm.

I.

In March 2009, Gallagher was injured in an automobile accident when her vehicle was struck by another. Gallagher sued the other driver in Pennsylvania state court, seeking compensation for her injuries, and she sued her own insurer, Ohio Casualty, in federal court, seeking underinsured motorist ("UIM") benefits.[1]

In the state court action, Gallagher and the other driver agreed to private, non-binding arbitration, and, after an evidentiary hearing, the arbitrator determined that Gallagher was entitled to $41,715 in

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. In the federal complaint, Gallagher alleged that she was entitled to UIM benefits because the other driver "was found to be underinsured." (App. at 29.)

total damages. While Gallagher initially rejected this assessment of her damages, in August 2013 she agreed to settle in state court for that exact amount. As required under her Ohio Casualty policy, Gallagher notified the company of her intent to settle with the other driver for $41,715, and it advised that it had no objection to settlement. The settlement was paid by the other driver's insurance company pursuant to that driver's liability policy, which limited coverage at $100,000.

In the federal action, Ohio Casualty moved for summary judgment, arguing that Gallagher was not entitled to UIM benefits and that collateral estoppel barred recovery. The District Court "decline[d] to apply the doctrine of collateral estoppel," *Gallagher v. Ohio Cas. Ins. Co.*, No. 13–cv–0168, 2014 WL 1386990, at *7 (E.D.Pa. Apr. 9, 2014), but granted summary judgment in favor of Ohio Casualty because Gallagher had failed to present any evidence to establish that the other driver was, in fact, underinsured—in other words, Gallagher failed to present evidence that her damages met or exceeded the limits of the other driver's insurance coverage. This appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary, and we apply the same standard as the District Court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir.2014). Summary judgment is proper where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

We view the facts in the light most favorable to the non-moving party, draw-ing all reasonable inferences in that party's favor. *Blunt*, 767 F.3d at 265. "However, where a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Id.; see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party "cannot establish a genuine dispute as to a material fact by pointing to unsupported allegations in the pleadings." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir.2011).

## II.

Pennsylvania's Motor Vehicle Financial Responsibility Law requires that motor vehicle liability insurance policies contain underinsured motorist coverage. 75 Pa. Cons.Stat. Ann. § 1731. The purpose of such coverage is "to protect an insured driver from the risk that a negligent driver of another vehicle would cause injury to the insured but would not have adequate coverage to compensate for the insured's injuries." *Boyle v. Erie Ins. Co.*, 441 Pa.Super. 103, 106, 656 A.2d 941, 942 (Pa.Super.Ct.1995). Gallagher's policy stated that Ohio Casualty would "pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle," where bodily injury is sustained by the insured and caused by an accident. (App. at 41 (internal quotation marks omitted).) The policy defined "underinsured motor vehicle" as a vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for bodily injury under that bond or policy to an insured is not enough to pay the full amount the insured is legal-

ly entitled to recover as damages." (*Id.* (internal quotation marks omitted).)

On appeal, Gallagher contends that the District Court erred in concluding "that [she] was not entitled to pursue her UIM benefits from [Ohio Casualty] because she accepted a settlement amount less than the tortfeasor's available liability limit." (Appellant's Br. at 3.) Her argument, however, mischaracterizes the Court's reasoning. The Court did not hold that Gallagher's claim failed because she accepted less than the full amount of the tortfeasor's liability coverage; instead, it held that Gallagher could not survive summary judgment because she failed to present any evidence to support her allegation that the other driver was, in fact, underinsured.

The parties agree that Pennsylvania law governs their dispute. In *Boyle v. Erie Insurance Co.,* the Superior Court of Pennsylvania held that when an insured person "settle[s][her] claim against the tortfeasor's liability carrier for less than the policy limits," the insured's UIM carrier "[is] entitled to compute its payment to its injured insured[ ] as though the tortfeasor's policy limits had been paid," in effect allowing the carrier to "credit" the full amount of the tortfeasor's coverage toward what it must pay in UIM benefits. 656 A.2d at 943. Thus, the insured "will not be allowed underinsured motorist benefits unless [his or her] damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident." *Id.* at 943–44. The parties do not dispute that the court's holding in *Boyle* accurately states Pennsylvania law with respect to UIM benefits. *See also Nationwide Ins. Co. v. Schneider,* 599 Pa. 131, 142, 144, 960 A.2d 442, 448, 449 (Pa.2008) (referring to the court's rationale in *Boyle* as "well-settled," and stating that *Boyle* represents a "seminal" decision).

Here, while *Boyle* makes clear that Gallagher's right to UIM benefits is not extinguished by her decision to settle with the other driver for less than the full amount of that driver's liability coverage, it also clearly indicates that she is entitled to UIM benefits only to the extent that her damages exceeded the limits of that coverage. *See* 656 A.2d at 943–44. Gallagher has failed to present anything beyond mere allegations to suggest that her damages exceeded $100,000. On appeal, she contends that the allegations in her complaint that she sustained "serious" and "permanent" injuries, as well as medical expenses and lost wages, would provide sufficient basis for a jury to return a verdict in her favor. (*See* Appellant's Br. at 11–12.) As we have recognized, however, "unsupported allegations in the pleadings" are insufficient to establish a genuine issue of material fact. *Doe,* 660 F.3d at 175. Accordingly, the District Court correctly granted summary judgment to Ohio Casualty. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548 (holding that a moving party is entitled to summary judgment where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof").

## IV.

We will affirm the order of the District Court.